IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Rivera,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections,<br><br>Defendant. | Case No.: 8:20-cv-3356-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the November 12, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 22]. In the Report, the Magistrate Judge recommends the District Court remand this matter to the South Carolina Court of Common Pleas and that Defendant's motion to dismiss, ECF No. 10, be found moot. *Id.* Defendant filed timely objections to the Report, ECF No. 24, and Plaintiff did not reply to the objections. This matter is ripe for ruling. For the reasons set forth below, this Court adopts the Report in part as modified.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific

1

portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Defendant contends the Magistrate Judge erred by construing the complaint as seeking relief *only* under the South Carolina Tort Claims Act ("SCTCA"). [ECF No. 24, p.1]. Defendants contend that the Plaintiff alleges federal claims, which should be dismissed. *Id.* They also contend that Plaintiff fails to state a state court cause of action, so the case cannot be remanded. *Id.* In the alternative, if the Court finds there are state court causes of action, the plausible federal causes of action should be dismissed, and the case remanded. *Id.*

The Magistrate Judge's construction of the complaint was well-reasoned. It appeared to the Magistrate Judge that Plaintiff intended to assert his claims only under the state-law SCTCA and not under 42 U.S.C. § 1983 because (1) the complaint expressly asserts state court jurisdiction under the SCTCA, not section 1983, (2) Defendant SCDC is not a "person" amenable to suit under section 1983, and (3) Plaintiff chose to file his action in South Carolina state court. [ECF No. 22, pp.5-6]. Accordingly, the Court agrees with the Magistrate Judge's finding that Plaintiff intended to assert state law claims under the SCTCA.

However, this Court does not agree that Plaintiff intended to assert *only* state law claims. Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *E.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff specifically alleges that the Defendant's conduct with regard to managing the spread of COVID-19 violates his Eighth Amendment protection from cruel and unusual punishment and Fourteenth Amendment right to equal protection of the law. [Pl.'s Compl., p.6, ⁋18]. Accordingly, the Court construes Plaintiff's complaint as alleging federal causes of action under 42 U.S.C. § 1983 in addition to state law claims.

Plaintiff's claims under 42 U.S.C. § 1983 cannot lie against this Defendant. The South Carolina Department of Corrections is not a "person" amenable to suit under section 1983. *See Weddington v. SCDC,* No. 8:08-cv-1652-GRA-BHH, 2009 WL 473510, at *2 (D.S.C. Feb. 24, 2009) ("As to SCDC, it is well-settled that an agency of the state is not a person within the meaning of § 1983, and thus is not a proper defendant."); *Peoples v. SCDC,* No. 8:07-cv-1203-CMC-BHH, 2008 WL 4442583, at *1 (D.S.C. Sept. 25, 2008) (same). Accordingly, Defendant's motion to dismiss, ECF No. 10, is GRANTED IN PART. All federal claims Plaintiff brings pursuant to 42 U.S.C. § 1983 are DISMISSED.

Having dismissed all federal causes of action, this Court must determine whether to exercise its supplemental jurisdiction to entertain the remaining state court claims. In its objections and motion to dismiss, Defendant urges this Court to dismiss the complaint in its entirety because Plaintiff can prove no set of facts in support of his state law claim that would entitle him to relief. [ECF No. 24, p.5].

The Court declines to exercise supplemental jurisdiction over the remaining state court claims. "In deciding whether to exercise supplemental jurisdiction, a court should consider 'the values of judicial economy, convenience, fairness, and comity.'" *Bishop v. County of Macon*, 620 Fed. App'x 148, 150 (4th Cir. 2015) (unpublished) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). Here, the Court finds that the values of judicial economy, convenience, fairness, and comity all favor the resolution of this matter in state court. The remaining claims are state causes of action against an agency of South Carolina under the SCTCA. No underlying issues of federal policy remain. If the case were brought in state court with the remaining claims, it would not be removable pursuant to 28 U.S.C. § 1441(b). Accordingly, the Court finds that resolution in state court will serve the convenience and fairness of the parties, comity, and considerations of

judicial economy. The remaining state claims are REMANDED to the Court of Common Pleas, Richland County, South Carolina.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report as modified by this order. Defendant's motion to dismiss, ECF No. 10, is GRANTED IN PART as to Plaintiff's federal causes of action. All federal causes of action are DISMISSED. The remaining state claims are REMANDED to the Court of Common Pleas, Richland County, South Carolina. Accordingly, Plaintiff's motions to compel, ECF Nos. 27, 28, are MOOT. Defendant's motion to stay discovery, ECF No. 30, is MOOT.

    IT IS SO ORDERED.

June 28, 2021　　　　　　　　　　　　　　　　/s/Sherri A. Lydon
Florence, South Carolina　　　　　　　　　　Sherri A. Lydon
　　　　　　　　　　　　　　　　　　　　　United States District Judge